# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LYNN WOODS,

       Petitioner,              :        Case No. 1:13-cv-518

                              District Judge Sandra S. Beckwith
   -vs-                           Magistrate Judge Michael R. Merz
                              :

WARDEN Chillicothe Correctional
 Institution,

       Respondent.

## REPORT AND RECOMMENDATIONS

      Petitioner Lynn Woods brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Hamilton County Court of Common Pleas on one count of felonious assault for which he is serving an imprisonment sentence in Respondent's custody.

> **Ground One:** The State of Ohio erred to the prejudice of Petitioner Lynn Woods in violation of the Sixth and Fourteenth Amendments to the United States and Ohio Constitution, Article One, section 10, when Petitioner was deprived of his rights to effective assistance of counsel at every stage of the proceeding(s), including, but not limited to sentencing.
>
> **Supporting Facts:** Petitioner asserts ineffective assistance of trial counsel when, without the consent of Petitioner, trial counsel failed to (I) file notice of appeal or preserve the record for review, (II) provide Petitioner with guidance on how to further appeal and without informing him that he was in danger of procedural default, and (III) attend Petitioner's sentencing hearing. [An independent review of the sentencing hearing transcripts reveals significant evidence refuting the trial court's judgment entry.] and trial

court's failure to give notice of appellate rights under Ohio Rev. Code § 2953.08.

**Ground Two:** Ground One is incorporated verbatim.

**Supporting Facts:** Petitioner asserts his trial counselor's ineffectiveness has resulted in the lower state court's deprivation of his federal rights to the appointment of counsel for direct review as a meaningful first appeal to redress and correct the trial court's errors.

**Ground Three:** Ground One is incorporated verbatim.

**Supporting Facts:** Petitioner asserts deprivation of effective assistance of trial counsel when, without the consent of Petitioner, trial counsel failed to challenge the "inconsistency in a verdict" of the jury's findings.

**Ground Four:** Ground One is incorporated verbatim.

**Supporting Facts:** Petitioner's attorney failed to challenge the trial court entering a sentence that was contrary to Ohio law; under Ohio Rev. Code § 2967.28 and 2929.14 where Petitioner was sentenced to five years (PRC) post-release control for a felony-two conviction which only allows for three years for a felony-two.

(Petition, Doc. No. 3). On Magistrate Judge Bowman's Order, Respondent has filed a Return of Writ (Doc. No. 6). Although Judge Bowman set a deadline for a reply, Petitioner has not filed one.

The Warden seeks dismissal of the Petition as barred by the statute of limitations.

The Antiterrorism and Effective death Penalty Act of 1996 created a one-year limitations period for habeas petitions brought by individuals challenging their state-court convictions. 28 U.S.C. §2244(d); *McCray v. Vasbinder,* 499 F.3d 568, 571 (6th Cir. 2007). Under 28 U.S.C. § 244(d)(1), the limitations period begins to run from the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final on direct review for purposes of §2244(d)(1)(A) when *certiorari* is denied by the United States Supreme Court or time to file a *certiorari* petition expires. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007), citing *Clay v. United States*, 537 U.S. 522, 527-28, n.3 (2003).

Woods' conviction became final upon the expiration of the time for seeking direct review of his conviction and sentence under 28 U.S.C. §2244(d)(1)(A*). Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012) (*citing Gonzalez v. Thaler*, __U.S. __, 132 S.Ct. 641 (2012) (judgment of conviction final at the expiration of time for pursuing direct review in the state court)). His judgment entry of conviction and sentence was filed July 27, 2011. (Return of Writ, Exhibit 3). Because he did not seek a timely direct appeal, his conviction and sentence became final upon the expiration of the thirty-day time period for seeking direct review, on August 26, 2011. See Ohio R. App. P. 4(A). Thus the AEDPA one year limitations period began running the next day and continued for thirty-four (34) days until the filing of his motion for delayed appeal on September 30, 2011. (*Id*., Exhibit 4).

A motion for delayed appeal is a proper collateral attack on the judgment, but it only tolls the statute of limitations while it is pending. *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001.)

3

When the court of appeals denied the motion on October 26, 2011, the time began to run again and ran until it expired 331 days later, on September 21, 2012.  The Petition here was not filed until July 19, 2013, when Woods signed it and presumably deposited it with the prison authorities to mail to the Court.

Woods filed a prior habeas corpus petition in this Court on May 3, 2012.  Case No. 1:12-cv-0352.  That case was dismissed without prejudice for lack of exhaustion of state court remedies.  However, the pendency of a federal habeas petition does not toll the statute of limitation because it is not a state collateral attack.  *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

Woods' Petition is barred by the statute of limitations.   Because this defense is dispositive, there is no need to discuss the Warden's alternative defense of procedural default.  It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Woods should be denied a certificate of appealability and the Court should certify to the Sixth  Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Aug 4 2014 8:17 AM



X

Michael R. Merz

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).