UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lynn Woods,                                      :        Case No. 1:13-cv-518
                                                 :
        Petitioner,                              :
                                                 :
vs.                                              :
                                                 :
Warden, Chillicothe Correctional Institution,    :
                                                 :
        Respondent.                              :

**ORDER**

Before the Court are Petitioner's objections to the Report and Recommendation

of the Magistrate Judge.  (Doc. 10)  In his report, the Magistrate Judge recommends

that the Court dismiss Woods' habeas corpus petition because it is clearly time-barred

under the one-year statute of limitations contained in the Antiterrorism and Effective

Death Penalty Act of 1996.  Petitioner objects, arguing that his trial attorney failed to file

a notice of appeal following his state conviction and did not advise him of the need to do

so timely.  He also suggests that he is entitled to equitable tolling of the statute of

limitations.

For the following reasons, the Court adopts the Magistrate Judge's Report, and

will dismiss Woods' petition.

**FACTUAL BACKGROUND**

Petitioner Lynn Woods was indicted in Ohio state court on multiple counts of

felonious assault with firearm specifications.  A jury found him guilty on one count, and

the trial court sentenced him on July 25, 2011 to a total term of six years.  The exhibits

attached to the Warden's return show that the judgment of conviction and sentence was

filed in the state trial court on July 27, 2011. (Doc. 6, Ex. 3)  Woods did not timely file a direct appeal from this judgment.  His conviction and sentence became final, pursuant to Ohio App. R. 4(A), thirty days later on August 26, 2011.  Woods filed a motion for a delayed appeal on September 30, 2011.  (Id., Ex. 4)  The Ohio court of appeals denied his motion on October 26, 2011, finding that he failed to comply with the requirements of Ohio App. R. 5(A).  (That Rule requires that a motion set forth the reasons why the defendant failed to perfect an appeal as of right within the 30-day period provided by Rule 4(A).)  Woods did not pursue an appeal of this order to the Ohio Supreme Court.

Over a year later, on December 18, 2012, Woods filed a notice of appeal and an application for leave to file a delayed appeal with the Ohio court of appeals.  (Id., Exs. 6 and 7) The court denied his motion on January 16, 2013 because Woods "failed to provide sufficient reasons for failure to perfect an appeal as of right."  (Id., Ex. 9) Woods filed a notice of appeal of the January 16, 2013 order to the Ohio Supreme Court on March 27, 2013, along with a motion for a delayed appeal of right.  The Ohio Supreme Court summarily denied his motion on May 8, 2013.  (Id., Ex. 14)

Woods filed a habeas corpus petition in this district on May 3, 2012, essentially asserting that the judgment of conviction was void because the jury acquitted him on Count 3 of the indictment, which he argued was identical to Count 1 on which he was convicted.  That habeas petition was dismissed without prejudice by the court, because Wood had not exhausted his claims in state court.  The court observed that Wood might be able to seek review of the unexhausted claims by filing a motion for delayed discretionary review in the Ohio Supreme Court.  (Woods v. Warden, Case No. 1:12-cv-352, S.D. Ohio, Docs. 9 and 10, February 27, 2013 Order and Judgment.)

Woods filed his habeas petition in this case on or about July 19, 2013 (the date he signed the petition).  (Doc. 3)  He raises four grounds for relief, but grounds two, three and four simply incorporate his first claim that he received ineffective assistance of counsel.  He alleges that his lawyer failed to file a notice of appeal or to attend his sentencing hearing.  Respondent filed a return, arguing that Woods' petition was time-barred under AEDPA's one-year statute of limitations, and that he had procedurally defaulted his claims.  (Doc. 6)

The Magistrate Judge found that Woods' petition was time-barred, and did not address the Warden's alternate procedural default arguments.  (Doc. 8)  He concluded that the AEDPA statute began to run on August 26, 2011, the date on which Woods' conviction became final.  It was tolled on September 30, 2011, when Woods filed his first motion for delayed appeal.  That motion was denied on October 26, 2011, which restarted the limitations period.  The one-year period expired 331 days later, on September 21, 2012.  Woods' notices and motions seeking a delayed appeal filed on December 18, 2012 and thereafter were filed after the AEDPA statute had expired, and cannot re-start the limitations period anew.  While his first federal habeas petition was filed before the statute expired, a federal petition cannot toll AEDPA's limitations period because it is not a **state** post-conviction or collateral attack on his conviction.

Woods objects.  He asserts that the state trial court did not advise him of his appellate rights, and that his attorney ignored his request to file an appeal.  Following his commitment, he states that he was in a "lock-down" processing facility at the Ohio Department of Rehabilitation and Correction's Reception Center, and that he filed his first motion for a delayed appeal as soon as he arrived at his assigned prison facility.

He argues that he "inadvertently" filed his first habeas petition in this Court, thinking it was an appropriate vehicle to protect his rights.  He notes that his first habeas case was dismissed without prejudice on February 27, 2013, and argues that his filing in this case was timely after the Ohio Supreme Court declined his appeal in May 2013.

He also suggests that the Magistrate Judge erred in stating that he failed to file a reply to the Warden's return, because the court did not set a date for that filing.  This Court notes that the July 26, 2013 Order in this case specifically states: "Petitioner may, not later than twenty-one (21) days after the answer is filed, file and serve a response to the return of writ. If respondent files a motion to dismiss, petitioner's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a)."  (Doc. 2)  This objection is meritless.

Woods further contends that he has met the standards for equitable tolling of the AEDPA statute that are discussed in <u>Lawrence v. Florida</u>, 549 U.S. 327 (2007).  He argues that he has diligently pursued his rights, and that "some extraordinary circumstances" prevented his timely appeal in state court.

## DISCUSSION

The AEDPA (which undisputably applies to Woods' petition) includes a one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  That statute states:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

-4-

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying subsection (d)(1)(A) and (d)(2), the Magistrate Judge calculated that the one-year period expired on September 21, 2012. Woods does not directly contest this conclusion. He suggests that the circumstances of his initial incarceration prevented him from timely filing a direct appeal; but there is no suggestion that those circumstances amounted to state action that violated his constitutional rights. He does not claim that he was prevented from timely filing a federal habeas petition raising his ineffective assistance claims that are raised here. (Moreover, he filed his first petition prior to the expiration of the one-year period; but the claims he raised there are different from the claims he raised here, and at no time did he inform the district court of his intent to raise additional claims.)

He also argues that the circumstances of his case amount to a fundamental miscarriage of justice, citing Coleman v. Thompson, 501 U.S. 722, 750 (1991), and Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). He contends that this miscarriage of justice arose from the fact that he received ineffective assistance of counsel that deprived him of a timely direct appeal. A fundamental miscarriage of justice is a rare

situation, such as when petitioner comes forward with new evidence demonstrating that a constitutional violation has probably resulted in his conviction despite his actual innocence.  Moore v. Mitchell, 708 F.3d 760, 775 (6th Cir. 2013), citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986).  Woods does not specifically claim that he is actually innocent of felonious assault, and he proffers no new evidence to support such a claim.

In addition, the Court rejects Woods' assertion that he is entitled to equitable tolling of the statute of limitations under the two-prong standard articulated in Lawrence v. Florida, 549 U.S. 327 (2007).  The Sixth Circuit has held that equitable tolling is "granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the ultimate burden of persuading the court that he or she is entitled to equitable tolling."  Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 462 (6th Cir. 2012)(internal quotations and citations omitted).  To sustain this burden, Woods must establish that he diligently pursued his rights, and that some extraordinary circumstance stood in his way and prevented his timely filing.  Id.  He suggests that he diligently pursued his rights, but the record belies that suggestion.  From October 26, 2011 to December 18, 2012, Woods did nothing to pursue an appeal in state court of the initial denial of his delayed appeal, or to correct the deficiencies the court of appeals noted in his motion and application.  And there is nothing in the record suggesting that some "extraordinary circumstances" that were beyond his control prevented him from taking further action to pursue his rights during that time period, or to timely file his habeas petition.

For all of these reasons, Woods' objections to the Magistrate Judge's Report are

overruled.

## CONCLUSION

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case.  Upon such review, the Court finds that Woods' objections to the Magistrate Judge's Report are not well taken, and are therefore overruled.  The Report is adopted in full. Woods' petition for a writ of habeas corpus is dismissed with prejudice.

The Court finds that a certificate of appealability should not issue with respect to the petition, because reasonable jurists would not find it debatable whether this Court is correct in its procedural ruling with respect to Woods' claims.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of this Order would not be taken in good faith, and denies Woods leave to appeal in forma pauperis.  See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: September 9, 2014                         s/Sandra S. Beckwith
                                                 Sandra S. Beckwith, Senior Judge
                                                 United States District Court